IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02528-MSK-MEH

MARK J. DENNY,

    Applicant,

v.

B. DAVIS, Warden,

    Respondent.

---

**RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

Pending before the Court is Petitioner Mark J. Denny's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed October 27, 2009; docket #3]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, the Court RECOMMENDS that Petitioner's Application be **dismissed as moot**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or

**I.     Background**

Petitioner currently serves a ninety-six month term of imprisonment at the Florence Correctional Center ("FCC") in Florence, Colorado. Petitioner's original offence, assault with deadly a weapon, occurred on July 31, 2002. (Docket #15-2 at 3.) On March 6, 2003, Petitioner was arrested by United States Marshals at the Hill County Detention Facility in Havre, Montana. (Docket #3 at 6.) Petitioner claims that he was in "official detention federal custody" from the time of his arrest on March 6, 2003 until sentencing on June 14, 2004. (*Id.*) In his Application filed October 27, 2009, Petitioner asserts that he was not properly credited with the time he served from March 6, 2003 through June 14, 2004, and that his sentence computation deprives him of a total of fourteen months and fifteen days served. (*Id.*) Petitioner makes this claim pursuant to 28 U.S.C. § 2241. (*Id.* at 7.)

On November 3, 2009, the Bureau of Prisons prepared an "updated sentence computation" for Petitioner. (Docket #15 at 1.) Petitioner's sentence was adjusted to give him credit for a total of fourteen months and fifteen days of time previously served. (*Id.*) On March 5, 2010, Respondent filed a response to Petitioner's Application, noting the updated sentence computation and arguing that Petitioner's Application is now moot. (*Id.*) Petitioner's Reply, filed March 15, 2010, re-asserts his claim that his sentence was improperly computed, depriving him of fourteen months and fifteen days previously served. (*See* docket #16.)

**II.    Discussion**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less

---

adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pros se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Here, in challenging the computation of his federal sentence, Petitioner correctly filed his application pursuant to 28 U.S.C. § 2241 in the District of Colorado where he is incarcerated.

In his Application, Petitioner alleges that he was not given credit for time that he served while in federal custody following his arrest by the United States Marshals on March 6, 2003. (Docket #3 at 6.) After the March 6 arrest, Petitioner asserts that he was in federal custody until June 14, 2004. (*Id.*) Petitioner claims that he was not credited for a total of fourteen months and fifteen days of time served in federal custody. (*Id.*) The record appears to support Petitioner's

3

claim[2] that his sentence was incorrectly computed and that he was deprived of fourteen months and fifteen days of time served.

On March 5, 2010, Respondent filed a response to Petitioner's Application arguing that Petitioner has been granted the time credit he requested and the Application is now moot. (Docket #15.) According to Respondent, on November 3, 2009, following the filing of Petitioner's Application, the Bureau of Prisons recalculated Petitioner's sentence. (Docket #15-1.) Petitioner was credited with fourteen months and fifteen days of time served while in federal custody. (*Id.*) Before the November 3 recalculation, Petitioner's expected release date was March 5, 2011 and, after the recalculation, Petitioner's expected "good conduct time release" date is now December 20, 2010. (Docket # 15-2 at 4.) Forest B. Kelly, a Correspondence Specialist at the Designation and Sentence Computation Center for the Bureau of Prisons, provided an unsworn declaration under penalty of perjury[3] attesting that Petitioner was credited with the fourteen months and fifteen days he seeks in the present Application. (Docket #15-1.) Kelly also provided a copy of the Bureau of Prisons' updated sentence computation for Petitioner, which supports the assertion that Petitioner was credited with fourteen months and fifteen days of previous time served. (*See* docket #15-2.)

Recognizing that the Bureau of Prisons recalculated his sentence to give him credit for the fourteen months and fifteen days he seeks in his Application, Petitioner requests from the Court in

---

[2]The record indicates that Petitioner was in federal custody until June 13, 2004, not until June 14, 2004.

[3] Mr. Kelly's statement was made pursuant to 28 U.S.C. § 1746.

4

his reply brief[4] "judgment" in his favor pursuant to 18 U.S.C. § 3585(b)(1).[5] (*See* docket #16.)

"Article III mootness is 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (quoting *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 68 (1997)). "If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." *Id.* The documentation provided by the Bureau of Prisons and the statement from Mr. Kelly both support the assertion that Petitioner was "given credit toward the service of a term of imprisonment" for the time he spent in federal custody from March 6, 2003 until June 13, 2004. After Petitioner filed this case, the Bureau of Prisons recalculated his sentence, crediting him with the fourteen months and fifteen days of time served that he requested. (*See* docket #15.) This recalculation occurred while the case was pending and it healed the injury Petitioner alleges. The only relief Petitioner requests in this proceeding is prospective relief from a miscalculated sentence. Application at 5, docket #3. Thus, "[t]here is no point in ordering an action that has already taken place." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1112 (10th Cir. 2010) (citing *S. Utah Wilderness Alliance*, 110 F.3d at 728)).

Accordingly, this Court recommends that Petitioner's Application for Writ of Habeas Corpus be dismissed as moot because Respondent provided Petitioner the time credit he seeks in this

---

[4]A motion shall not be included in a response or reply to the original pleading. *See* D.C. Colo. LCivR 7.1C.

[5]18 U.S.C. § 3585(b)(1) states that, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1) (2010).

5

proceeding during the pendency of the action.

**III.  Conclusion**

Based on the foregoing, the Court RECOMMENDS that the District Court **dismiss as moot** Petitioner's Application for Writ of Habeas Corpus.

Dated at Denver, Colorado, this 9th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge